UNITED STATES OF AMERICA
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:03cr212(JBA) |
| v. | |
| DAMION FORRESTER a.k.a. "Pablo" | March 4, 2008 |

**GOVERNMENT'S NOTICE TO THE COURT OF THE DEFENDANT'S POTENTIAL ELIGIBILITY FOR A SENTENCE REDUCTION UNDER 18 U.S.C. § 3582**

### I. Introduction

The government files this notice to inform the Court that, based on a recent amendment to the Sentencing Guidelines that lowered the base offense levels applicable to cocaine base ("crack") offenses, the defendant appears to be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

In this case, the defendant appears eligible for a reduction of his sentence, with new Guideline range of 70-87 months. According to the BOP, his release date is scheduled for July 6, 2010.

### II. Procedural History

On June 24, 2004, the defendant pleaded guilty to the distribution of 60.9 grams of crack cocaine in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A). On August 3, 2004, the first disclosure of the PSR was issued. It calculated the defendant's base offense level to be 32. Two levels were added in light of the defendant's admission that he willfully failed to appear as ordered for a judicial proceeding three levels were subtracted for acceptance of responsibility, and two levels were subtracted because the defendant as eligible for the safety valve provision,

resulting in a total offense level of 29. With a CHC of I, the defendant was exposed to a term of incarceration of 87-108 months.

The Court sentenced the defendant to a term of incarceration of 87 months, which was at the bottom of the applicable range

Under the 2007 version of the sentencing guidelines, the defendant's revised total offense level is 27 and the suggested sentencing range is 70-87 months.

### III. Amendment 706 to the Sentencing Guidelines

This notification arises under Section 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11,

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

(1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

    (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

    (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

3

criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

### IV. Discussion

The government believes that Amendment 706 reduces the guideline range applicable in this case, and therefore the Court may consider whether to reduce the defendant's sentence. Specifically, the total offense level in this case is now 27. At the established criminal history

---

[3] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, ___ U.S. ___, 2007 WL 4292040 (2007) that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

category of I, this modification results in a sentencing range of 70-87 months. This is a reduction from the previously applied range of 87-108 months.

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).[4]

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. Id. app. note 1(B)(I); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129,

---

[4] In Vautier, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors. The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." Vautier, 144 F.3d at 759.

1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." Vautier, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760. Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.[5]

---

[5] The Eighth Circuit has also endorsed and explained at length this two-step procedure. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), citing United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997).

In United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000), the court stated that it disagreed with the need for or utility of the two-step method. However, the essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record. The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.

Subject to the limits set forth in Section 1B1.10(b), to be discussed below, the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

With respect to the defendant's record while in custody, a disciplinary record provided by the BOP indicates that the defendant was cited for several infractions since 2005. First, on April 10, 2005, the defendant was convicted of stealing and possessing unauthorized property. His privileges with respect to visitation, use of the commissary, and use of the telephone were restricted for thirty days. On September 15, 2006, the defendant was cited for failing to follow safety regulations and again had various privileges suspended for thirty days. On November 2, 2006, the defendant was found guilty of being in an unauthorized area. He was sentenced to thirty days of "quarter restriction" and other sanctions. Additionally, on July 24, 2007 the defendant was convicted of possessing an unauthorized item and once again his commissary privileges were restricted for thirty days.

If this Court decides to reduce the sentence, the extent of the reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence, which was not the case here), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10 app. note 3.[6] Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." U.S.S.G.

---

[6] Application note 3 provides an example of this rule:

For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

8

§ 1B1.10 app. note 3.[7]

### V. Conclusion

In sum, this Court must consider the Section 3553(a) factors and the other considerations addressed above in determining whether and to what extent to reduce the sentence.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

RAYMOND F. MILLER
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar Number CT20451
157 Church Street
New Haven, CT 06510

---

[7] Application note 4(B) states that if the prohibition in subsection (b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range determined under subsection (b)(1), the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1). That issue is not ripe, however, with regard to a current prisoner. A court may not reduce a term of supervised release under a motion pursuant to Section 3582(c)(2). The matter must await a motion under Section 3583(e)(1) filed "at any time after the expiration of one year of supervised release," addressing "the conduct of the defendant released." 18 U.S.C. § 3583(e)(1).

## CERTIFICATION

I hereby certify that on March 4, 2008, a copy of foregoing mailed to:

John Ferranti, Esq.
50 Elm Street
New Haven, CT 06511

Damion Forrester
Register Number 63081-053
CI Rivers
Correctional Institution
P.O. Box 630
Winton, NC 27986

_____
RAYMOND F. MILLER
ASSISTANT UNITED STATES ATTORNEY