IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DAMION FORRESTER,

        Petitioner,

-vs-                         Case No. 3:03CR212(JBA)

UNITED STATES OF AMERICA,

        Respondent.

MOTION FOR REDUCTION OF SENTENCE
BASED ON GUIDELINE AMENDMENT
EFFECTIVE NOVEMBER 1, 2007, CONCERNING
CRACK-COCAINE

NOW COMES, the Petitioner, moving pro-se, and respectfully moves this Honorable Court, pursuant to 18 U.S.C.A. §3582(c)(2) and §1B1.10 of the Sentening Guidelines, to reduce his sentence based upon the amendment of §2D1.1 of the Sentencing Guidelines which became effective November 1, 2007, concerning the base offense level in crack-cocaine cases.

In support thereof, Petitioner states as follows:

1. On September 3, 2004, the Petitioner was sentenced to a term of imprisonment of 87 months, by this Honorable Court on one count of Possesion with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. §841(a)(1) and 841(b)(A).

2. Pursuant to the Plea Agreement entered into between the United States and the Petitioner, the Pre-Sentence Report as adopted by this Honorable Court in the Judgment entered in this action, the base offense was 32.

3. Applying the applicable provisions of the guidelines as they existed on the date of the Petitioner's sentencing, therein adding two levels for obstruction of justice, subtracting two levels for the "safety valve" and substracting three levels for acceptance of responsiblity would result in a total offense level of 29.

4. Effective November 1, 2007, Section 2D1.1 of the Sentencing Guidelines was amended: the U.S. Sentencing Commission adjusted the drug threshold quantities above, between, and below the mandatory minimum thresholds, with the net result being that for crack offenses, base offense levels across the board are two levels lower than they would have been before the amendment. See 72 Fed.Reg. 28,558,28,571-73; U.S.S.G. App.C, supp. Amend, 706; U.S.S.G. §2D1.1(2007).

5. As established under §1B1.10 of the Sentencing Guidelines this amendment is to be applied retroactively.

6. When Petitioner's base offense level is recalculated in accordance with the language of the amendment, the base offense level has been adjusted downward to offense level 30, which corresponds to a minimum advisory guideline range of 97 to 121 months.

7. Under the Drug Quantity Table, as outlined in §2D1.1 of the Sentencing Guidelines, the base offense level for a 50 to 150 grams of crack has been adjusted downward to offense level 30, therein adding two levels for obstruction of justice, subtracting two levels for the "safety valve" and subtracting three levels for acceptance of responsiblity would result in a total offense level of 27.

8. Therefore, the Petitioner is entitled to be resentenced under the retroactively applied amendment.

9. After the appropriate adjustments are calculated, the Petitioner's offense level for purposes of resentencing is Level 27.

10. The Petitioner's criminal history computation remains a Category I as computed in the Presentence Report.

11. The appropriate guideline range for an Offense Level 27 with a Criminal History Category of I is 70 to 87 months.

12. At the Petitioner's Sentencing on September 3, 2004, this Honorable Court imposed the low end of the guideline range as the Petitioner's sentence.

13. If this Honorable Court maintains its position and imposes a sentence absent any consideration of the mandatory minimum, in light of the "safety valve" as applicable in this instance, and imposes the low end of the new range, 70 months, the Petitioner believes that his release date would be approximately July, 2008.

14. Under the existing regulations the Bureau of Prisons, the Petitioner would be eligible to be released to the half way house in Hartford, Connecticut as early as January 2008, this is absent any deportation proceedings; making a prompt decision on this motion is extremely important.

15. Notwithstanding this request, Petitioner has made several post-conviction rehabilitation efforts by enrolling and completing a 40 hour drug program, 120 hour course in brick laying, layout and the basic understanding of the Masonry trade, Real Estate Course, General Equivalency Education and Computer Literacy. See Petitioner's Exhibit annexed hereto.

**WHEREFORE,** based on the foregoing arguments and authorities this Honorable Court is respectfully urged to reduce the Petitioner's sentence and enter a new Judgment in a Criminal Case reflecting said change in the Petitioner's sentence, and any other and further relief which this Honorable Court deems just and fair.

Dated: February 25, 2008

Respectfully submitted,

_D. Forrester_
Damion Forrester, Pro Se

Sworn to and subscribed before me
this 25th day of February, 2008

_Lorena J Simon_
Notary Public

My commission expires 6-3, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DAMION FORRESTER,

        Petitioner,

-vs-

        Case No. 3: 03CR212(JBA)

UNITED STATES OF AMERICA,

        **AFFIRMATION OF SERVICE**

        Respondent.

I, **Damion Forrester**, declare under the penalty of perjury pursuant to 28 U.S.C. §1746 and says:

That on January 25, 2007, I served by first-class mail, pre-paid postage one original copy of **Motion for Reduction of Sentence Based on Guideline Amendment Effective November 1, 2007 Concerning Base Offense Level in Offense Involving Crack Only** upon the following:

    Kevin J. O'Connor, USA
    Connecticut Financial Center
    157 Church Street, Floor 23
    New Haven, CT 06510

The envelope and its contents were given to prison officials for mailing.

/s/ _D. Forrester_
Damion Forrester, Pro Se

Sworn to and subscribed before me
this 25th day of February 20 08.

_Sonoma J. Simon_
Notary Public

My commission expires 6-3 20 12

PETITIONER'S EXHIBITS

# Certificate of Completion

Certifies that

## Damion Forrester

Has successfully completed 40 Hours of the
**Choice and Change Substance Abuse Education Program**

Presented this October 30, 2007

_____
GEO/Rivers Correctional Institution Winton, North Carolina

_____
Drug Manager

_____
Substance Abuse Counselor

# Certificate of Completion

### Awarded to

## Damion Forrester

In recognition of completing the 120-hour course in brick laying, layout, and the basic understanding of the Masonary trade.

_____
Mr. D. Watford
Supervisor of Education

November 2006

# Certificate of Completion

Awarded to

## Damion Forrester

In recognition of participation and completion of the

## F.O.I. Stone Course

February 13, 2007

_____
Ms. Davis
ACE Coordinator

_____
Mr. D. Watford
Supervisor of Education

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| v. | CASE NO. 3:03CR212 JBA |
| **DAMION FORRESTER** | **RAYMOND MILLER, AUSA** |
| | **JOHN FERRANTI, ESQ.** |
| | Defendant's Attorney |

SSN:          DOB:

The defendant pled guilty to count **ONE OF THE INDICTMENT** after a plea of not guilty. Accordingly, the defendant is adjudged guilty of count **ONE OF THE INDICTMENT**, which involves the following offense:

Title & Section: 21 U.S.C. 841 (a)(1) and 841 (b)(A)          Count: ONE
Nature of Offense: **POSSESSION WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF COCAINE BASE**
Date Offense Concluded: **6/12/03**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: **87 months.**
Upon release from custody, the defendant shall be on supervised release for a term of **FIVE (5) years.**

Special Conditions of Supervised Release include: **Defendant shall participate in vocational/educational training as approved by the United States Probation Office (USPO). If deported, defendant shall not reenter the United States without obtaining advance written permission from the United States Attorney General and without giving advance written notice to the United States Attorney's Office for the District of Connecticut and the USPO.**

The court recommends to the Bureau of Prisons that the defendant be designated to a facility near Hartford, Connecticut.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. In addition to the special conditions of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the reverse side are imposed.

It is ordered that the defendant shall pay a Special Assessment of **$100.00**, for count **ONE OF THE INDICTMENT** which shall be due **immediately.**

**SEPTEMBER 3, 2004**
Date of Imposition of Sentence

/s/
Janet Bond Arterton, United States District Judge
Date: **September 9, 2004**

CERTIFIED AS A TRUE COPY
ON THIS DATE _____
Kevin F. Rowe, Clerk
BY: _____
Deputy Clerk

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ☐ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042©(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ☐ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:    *[signature]*

### STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall also report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.

### RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
John F. Bardelli
United States Marshal

By: _____
    Deputy Marshal

U.S. Department of Justice

United States Attorney
District of Connecticut

Abraham A. Ribicoff Federal Building
450 Main Street, Room 328
Hartford, Connecticut 06103
www.usdoj.gov/usao/ct

(860) 947-1101
Fax (860) 240-3291

June 24, 2004

Richard Silverstein, Esq.
John Ferranti, Esq.
50 Elm Street
New Haven, CT 06511

Re:   **Damion Forrester a.k.a. "Pablo"**
      **Case Number 3:03cr212(JBA)**

Dear Attorneys Silverstein and Ferranti:

This letter confirms the plea agreement entered into between your client, Damion Forrester (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

The Plea and Offense

Damion Forrester agrees to plead guilty to Count One of the Indictment charging him with knowingly and intentionally possessing with intent to distribute and distribution of 50 grams or more of a mixture and substance containing a detectable amount of cocaine base (i.e. crack cocaine) in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). He understands that to be guilty of this offense the following essential elements of the offense must be satisfied.

First:    That on or about June 12, 2003, the defendant possessed fifty grams or more of mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance;

Second:   The defendant's possession of such controlled substance was knowing and voluntary; and

Third:    That the defendant distributed such controlled substance or possessed such controlled substance with the intent to distribute it.

The Penalties

The offense charged in Count One carries a maximum penalty of life imprisonment and a fine of as much as $4,000,000. There is a mandatory minimum term of imprisonment of 10 years. Moreover, any sentence of incarceration under this provision must also include a term of

supervised release of at least 5 years and as much as life. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment up to 5 years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) the amount specified in the section defining the offense, which in this case is $4,000,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court either prior to or on the day he is sentenced.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h)(1) and § 3612(g).

Restitution

In addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. §3663.

Sentencing Guidelines

    i.    Applicability

The defendant understands that the Sentencing Reform Act of 1984 and the Sentencing Guidelines apply in this case. The defendant understands that the Court is required to consider any applicable Sentencing Guidelines but may depart from those Guidelines under some circumstances. The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

    ii.    Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by three levels the defendant's Adjusted Offense Level under section §3E1.1 of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal

-2-

responsibility for the offense. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

    iii.    <u>Guideline Stipulation</u>

Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation that is made a part of this plea agreement. The defendant admits that, for purposes of determining relevant conduct, at least 50 grams but less than 150 grams of cocaine base can be attributed to him for sentencing purposes. U.S.S.G. § 1B1.3. The defendant and the Government acknowledge that this stipulation as to the quantity of the controlled substance results in a Base Offense Level of 32.

The parties stipulate that on or about November 6, 2003, the defendant willfully failed to appear as ordered for a judicial proceeding. Therefore, the parties agree that under two additional levels should be added under U.S.S.G. § 3C1.1.

The parties do not stipulate to the defendant's criminal history. At the present time, however, the parties agree that it appears that the defendant may be eligible for benefits of the "safety valve" provision as defined in U.S.S.G. § 5C1.2. In addition to the final determination of his criminal history, his eligibility is contingent, however, on his satisfaction of the requirements contained in § 5C1.2(a)(5). The defendant understands that the determination of his eligibility for the "safety valve" will be made by the Court. If he satisfies the requirements of § 5C1.2(a)(5) and the Court determines that the "safety valve" provision applies, two additional levels will be subtracted from the defendant's total offense level.

Thus, under those circumstances, adding two levels for obstruction of justice, subtracting two levels for the "safety valve" and subtracting three levels for acceptance of responsibility would result in a total offense level of 29. If the Court determines that the defendant's criminal history places him in Criminal History Category I, he would be exposed to a possible term of incarceration of 87-108 months under the Guidelines.

-3-

The defendant understands that this stipulation does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant expressly understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence based on a calculation of his offense level that differs from that set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

    iv.    <u>Information to the Court</u>

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

<u>Waiver of Rights</u>

    i.    <u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 108 months' imprisonment, even if the Court reaches a sentencing range permitting such a sentence by a Guideline analysis different from that specified above. The defendant expressly acknowledges that he is waiving his appellate rights knowingly and intelligently. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the agreed Guideline calculation.

    ii.    <u>Waiver of Trial Rights and Consequences of Plea</u>

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

-4-

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### iii. Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's pleas of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## Acknowledgment of Guilt; Voluntariness of Plea

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## Scope of Agreement

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority.

-5-

The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

Collateral Consequences

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain other rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that the Government reserves the right to notify any state or federal agency by whom he is licensed, or with whom he does business, of the fact of his conviction.

In addition, the defendant understands that as a result of this conviction the United States Immigration and Naturalization Service will institute deportation proceedings against him and that he may deported from the United States as an independent consequence of this conviction.

Satisfaction of Federal Criminal Liability; Breach

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the drug trafficking activities charged in the Indictment.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

No Other Promises

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless

-6-

set forth in writing, signed by all the parties. This letter shall be presented to the Court, in open court, and filed in this case.

> Very truly yours,
>
> KEVIN J. O'CONNOR
> UNITED STATES ATTORNEY
>
> */s/ Michael J. Gustafson*
>
> MICHAEL J. GUSTAFSON
> ASSISTANT UNITED STATES ATTORNEY
> for
> RAYMOND F. MILLER
> ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter, or has had the material translated and read to him, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts its terms.

_____    6-24-2004
DAMION FORRESTER                   Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement to my client who advises me that he understands and accepts its terms.

_____    6/24/04
JOHN FERRANTI, ESQ.                Date
Attorney for the Defendant

-7-