UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------x
:
UNITED STATES OF AMERICA            :     Case No. 3:03CR00212(JBA)
:
v.                                  :
:
DAMION FORRESTER                    :     March 18, 2008
:
-------------------------------------------------------x

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO AMEND JUDGMENT

The defendant, Damion Forrester, through undersigned counsel, files this memorandum in accordance with the Scheduling Order issued by the Court, in further support of his pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

On June 24, 2004, Mr. Forrester entered a plea of guilty to the sole count of an indictment charging him with possession with intent to distribute of 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The parties agreed in the plea agreement that, if Mr. Forrester satisfied the requirements of the "safety valve" provision, his adjusted offense level would be 29. With a Criminal History Category of I, the applicable guidelines range at the time of sentencing was 87 to 108 months.

On September 3, 2004, Mr. Forrester was sentenced by this Court to a term of imprisonment of 87 months on the sole count of conviction; that sentence represented the very bottom of the then-applicable guidelines range.

On November 1, 2007, an amendment to § 2D1.1 of the advisory sentencing guidelines took effect, which, generally, reduces base offense levels for most quantities of crack cocaine by two levels. See U.S.S.G. § 2D1.1. This amendment was adopted after Mr. Forrester was

sentenced, and has been made retroactive.  See U.S.S.G. § 1B1.10; 73 Fed. Reg. 217-01 (2008).

The United States Probation Office filed an Addendum to the Pre-Sentence Report in Mr. Forrester's case on March 2, 2008.  Under the revised Sentencing Guidelines, the Probation Office has determined that Mr. Forrester's adjusted offense level on the offense of conviction is now 27, reduced from 29, which, at a Criminal History Category of I, produces a new guidelines range of 70-87 months.  If the Court were to impose a sentence at the bottom of the new guidelines range, as is appropriate, Mr. Forrester's amended sentence would be 70 months, a reduction of 17 months.

The Government filed a notice on March 4, 2008, agreeing that it would be appropriate for the Court to file an amended judgment in this case, reducing the adjusted offense level in Mr. Forrester's case from 29 to 27.  A proportionate sentence of incarceration under this amended guideline range would reduce Mr. Forrester's sentence from 87 months to 70 months.

During his term of imprisonment, Mr. Forrester has completed several educational programs.  Attached to his pro se submission filed March 3, 2008, are certificates of completion for the 40 hour substance abuse education program; a 120 hour course in masonry; and a real estate course.  Undersigned counsel has not been able to confirm or deny the assertions set forth in the Government's memorandum regarding Mr. Forrester's disciplinary history while incarcerated.  However, the Government's recitation suggests that the violations alleged were not of a dangerous nature, and there is no sign that Mr. Forrester has committed any violent infractions.

Mr. Forrester contends that his achievements in the educational and treatment programs available to him balance out any possible disciplinary problems he may have had, and that this

balance should lead the Court to impose an amended sentence proportional to that imposed at the time of sentencing: that is, a sentence at the bottom of the guidelines range.

Furthermore, regardless of Mr. Forrester's conduct after sentencing, the Court should implement the amendment so as to meet the purposes of the Sentencing Commission in enacting the amendment. The amendment was adopted in direct response to studies which demonstrate the unfairness and impropriety of the vast disparity in the guidelines between sentences for crack and powder cocaine. See generally United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy (May 2007); United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy (May 2002); see also Kimbrough v. United States, 128 S. Ct. 558, 568-69 (2007). In fact, the Sentencing Commission has found that the vast disparity between crack and powder cocaine sentences "significantly undermines various congressional objectives set forth in the Sentencing Reform Act and elsewhere." U.S. Sentencing Guidelines Manual app. C at 229, amendment 706 (2007).

It was thus a recognition of a very serious flaw in the sentencing guidelines that led to the amendment at issue here. There can be no question but that "the crack/powder disparity produces disproportionately harsh sanctions, i.e., sentences for crack cocaine offenses 'greater than necessary' in light of the purposes of sentencing set forth in § 3553(a)." Kimbrough, 128 S. Ct. at 575. The significance of this flaw is not lessened by a specific defendant's conduct during his term of incarceration. Mr. Forrester's sentence was unjustly severe, because of the dramatic disparity between crack and powder cocaine offenses in the guidelines applicable at the time of his sentencing – guidelines which were, at the time, binding on this Court. The Sentencing Commission recognized this injustice and set out to remedy it – partially, at least – by enacting

an amendment that would close the gap, if only slightly, between sentences for the two forms of cocaine. Mr. Forrester is no less entitled to a correction of his sentence than any other defendant.

For the reasons set forth above, and in reliance on the Addendum to the Pre-Sentence Report dated March 2, 2008, Mr. Forrester respectfully requests that the Court issue an amended judgment reducing his sentence of incarceration to 70 months.

Respectfully submitted,

The Defendant,
Damion Forrester

Thomas G. Dennis
Federal Defender

Dated: March 18, 2008

/s/
_____
Sarah A. L. Merriam
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT  06510
Bar No. ct25379
Phone: 203-498-4200
Fax: 203-498-4207
Email: sarah_merriam@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been mailed this 18th day of March, 2008, to: Raymond Miller, Assistant United States Attorney, 157 Church Street, 23rd Floor, New Haven, CT, 06510.

/s/
_____
Sarah A. L. Merriam

-4-